ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>RECURRIDA(S)<br><br><br>V.<br><br><br>**GABRIEL MEDINA TORRES**<br>PETICIONARIA(S) | **KLCE202400909** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **AIBONITO**<br><br>Caso Núm.<br>**B DC2015G0001-0002**<br>**B IS2015G0001**<br>**B LA2015G0039-0044**<br>**B BD2015G0047-49 (Sala 1)**<br><br>Sobre:<br>Inf. Art. 158 C.P. Enm. a Inf. Art. 156 C.P. (2 cargos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 30 de septiembre de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **GABRIEL MEDINA TORRES** (señor **MEDINA TORRES**), por derecho propio e *in forma pauperis*, mediante *Solicitud Corrección de Sentencia Amparad[a] en la Regla 192.1* instada el 12 de agosto de 2024. En su recurso, nos solicita que revisemos la *Resolución* dictada el 2 de julio de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Aibonito.[1] Mediante dicha decisión, el foro primario declaró no ha lugar la *moción* presentada el 17 de junio 2024 por el señor **MEDINA TORRES**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Apéndice de la *Solicitud Corrección de Sentencia Amparad[a] en la Regla 192.1*, págs. 1- 4.

## - I -

El señor **MEDINA TORRES** se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) e ingresado en la Institución Ponce Adultos 1000. Ello cumpliendo una sentencia de veinte (20) años por infracción a los Artículos 133, 156 y 182 del Código Penal de Puerto Rico; y Artículos 5.04 y 5.15 de la Ley de Armas.

El día 17 de junio de 2024, el señor **MEDINA TORRES** presentó *moción* ante la consideración del Tribunal de Primera Instancia, Sala Superior de Aibonito. Alegó que desde el 23 de diciembre de 2014 está ingresado y el 25 de marzo de 2015 fue sentenciado a veinte (20) años. Argumentó que hizo alegación de culpabilidad por desconocimiento; no existía evidencia pericial del acto imputado (rape kit); y la sentencia era inconstitucional; antiética; e ilegal. El 2 de julio de 2024, el tribunal *a quo* dictaminó la *Resolución* impugnada. En la misma, en lo pertinente, se dispuso: "no dándose los criterios de la Regla 192.1 de Procedimiento Criminal, se declara No Ha Lugar la moción del convicto".

En desacuerdo con dicho dictamen judicial, el señor **MEDINA TORRES** presentó un escrito ante este Tribunal de Apelaciones. El 27 de agosto de 2024, decretamos *Resolución* requiriéndole al señor **MEDINA TORRES** suministrar copia fiel y exacta de los siguientes documentos: (i) la moción presentada el 17 de junio de 2024 ante el Tribunal Superior de Aibonito;(ii) del sobre en el cual se le remitió la *Resolución* decretada el 2 de julio de 2024 de la cual se recurre ante este Tribunal de Apelaciones (acreditación de la notificación); así como cualquier otro documento concerniente a su reclamación. Con la finalidad de constatar si este foro revisor tiene jurisdicción o no para atender su reclamación.

El 17 de septiembre de 2024, el señor **MEDINA TORRES** presentó *Moción Informativa* acompañada sólo de copia de la *moción* presentada el 17 de junio de 2024.

Evaluado concienzudamente el expediente del caso, hemos optado por "prescindir de términos jurisdiccionales, escritos, notificaciones o procedimientos específicos....con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones.[2] Ante ello, exponemos las normas de derecho pertinentes a la controversia planteada.

## - II -

### - A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[3] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[4]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[5] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[6]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[7] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter

---

[2] 4 LPRA Ap. XXII-B, R. 7 (B) (5).
[3] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[4] *Íd.*
[5] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[6] *Íd.*
[7] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*

dispositivo".[8] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[9]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones (Reglamento).[10]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[11] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[12]

---

[8] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

[9] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

[10] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.

[11] *Íd.*

[12] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[13] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[14] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[15]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[16] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[17]

### - B - *Perfeccionamiento de los Recursos ante el Tribunal de Apelaciones*

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[18] Empero, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecional están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009,

---

[13] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[14] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[15] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*
[16] *García v. Asociación*, 165 DPR 311, 322 (2005).
[17] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[18] *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019).

según enmendadas. Nuestro Tribunal Supremo ha instituido que los litigantes y/o sus representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[19] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener un expediente completo y claro para delimitar la controversia ante su consideración.[20]

Si no se perfecciona un recurso dentro del término jurisdiccional o de cumplimiento estricto provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos instaurados en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso. [21]

Más aún, en *Vázquez Figueroa v. E.L.A.*, nuestro Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[22] Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[23] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, no obstante, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de

---

[19] *Isleta v. Inversiones Isleta Marina, Inc., supra*, pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[20] *Id.*
[21] *Morán v. Marti,* 165 DPR 356 (2005).
[22] 172 DPR 150 (2007).
[23] 4 LPRA § 24a. *Morán v. Marti, supra; Gran Vista I v. Gutiérrez y otros,* 170 DPR 174 (2007).

2003."[24] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[25]

De otro lado, en los recursos en los cuales se pretende la revisión judicial de una determinación *post sentencia* del foro primario, nuestro Reglamento dispone que el término para acudir ante esta Curia es de treinta (30) días.[26] Además de lo anterior, la Regla 34 de nuestro Reglamento dispone todo lo relacionado al contenido de una solicitud de *certiorari*. A esos efectos, la precitada Regla, en lo pertinente, implanta lo siguiente:

> El escrito de *certiorari* contendrá:
> (C) Cuerpo
> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes: [...]
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, **una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari**; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia**.**
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
> [...]
> (E) Apéndice
> (1)      Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:
> (a)      Las alegaciones de las partes, a saber:
> i.      [...]
> ii.      **en casos criminales, la denuncia y la acusación**, si la hubiere.
> (b)      **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
> (c)      **Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.** Toda resolución u orden, y toda moción o escrito de cualesquiera de las

---

[24] *Morán v. Marti, supra,* pág. 369.
[25] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).
[26] Regla 32(c) del Reglamento del Tribunal de Apelaciones, *supra,* R. 32.

partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(d) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia**. [...]

### - C - *Jurisdicción*

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[27] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[28]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[29]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[30]

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime

---

[27] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374 (2020); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89 (2020).

[28] *Allied Mgmt. Group v. Oriental Bank, supra.*

[29] *JMG Investment v ELA et al.,* 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).

[30] *Beltrán Cintrón et al. v. ELA et al.,* supra; *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011); y *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[31] Una vez un tribunal determina que no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".*[32] Ello sin entrar en los méritos de la controversia ante sí.

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[33] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[34]

- III -

En el caso ante nos, el señor **MEDINA TORRES** presentó un escrito que, entre otras cosas, carece de un apéndice **completo** que incluya o esté acompañado de copia de las peticiones o solicitudes (mociones) que se hayan presentado ante el foro recurrido y/o de las sentencias; así como la hoja de notificación de la *Resolución* impugnada o sobre dentro del cual se le remitió el aludido dictamen judicial. El señor **MEDINA TORRES** sólo presentó copia de la *Resolución* emitida el 2 de julio de 2024; y a nuestro requerimiento el pasado 17 de septiembre, presentó copia de su escrito del 17 de junio de 2024. Ello en clara contravención a las disposiciones de la Regla 34 del Reglamento de este Tribunal. El(Los) documento(s) omitido(s), requerido(s) por la Regla antes mencionada, nunca fueron presentados. Ante la ausencia de un apéndice completo, no obran en autos copia de todos los documentos

---

[31] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[32] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

[33] *Id.*

[34] *Id. Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

esenciales que nos permitan determinar si se incoó dentro del término para acudir ante este foro y si ostentamos *jurisdicción*.

- **IV** -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, se ***desestima*** por falta de *jurisdicción* el recurso instado el 12 de agosto de 2024 por el señor **MEDINA TORRES**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese al(a la) señor(a) GABRIEL MEDINA TORRES quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR): Institución Ponce 1000 Adultos Sección 4 R Celda 108 PO Box 3699 Ponce By Pass Ponce, PR 00728- 1500 o en cualquier institución en donde se encuentre.**

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones